UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    Plaintiff,

       v.

JOAN LAVERY MEYER, *et al.*,

    Defendants.

Civil Action No. 23-3577 (JEB)

**MEMORANDUM OPINION AND ORDER**

    Plaintiff John Doe alleges that he was sexually abused by Joan Lavery Meyer, a teacher at two charter schools — Two Rivers and Cesar Chavez — that he attended during his middle-school and high-school years, respectively.  See ECF No. 1 (Compl.), ¶¶ 1, 5, 18, 35.  He claims that Meyer, who was entrusted with driving him to school when he was twelve years old, pursued a sexual relationship with him when he was fourteen.  Id., ¶¶ 21–27.  Throughout Plaintiff's late adolescence, they had intercourse on a regular basis to which he could not consent.  Id., ¶¶ 27, 36, 97.  Meyer subsequently pled guilty to first-degree sexual abuse of a minor.  Id., ¶ 41.  In this suit, Doe alleges that Meyer assaulted him, id., ¶¶ 94–99, and intentionally inflicted emotional distress upon him.  Id., ¶¶ 106–09.

    In addition to suing Meyer, Plaintiff brings claims against Two Rivers, its then-principal James May, and Cesar Chavez.  During the abusive relationship, Two Rivers received a report of Meyer spending time alone with Doe in an alleyway, but its investigation of the suspicious behavior determined that "the allegations [were] unfounded."  Id., ¶¶ 29–30.  May, for his part, allegedly instructed Plaintiff to stay quiet about his relationship with Meyer.  Id., ¶ 32.  Cesar Chavez subsequently hired Meyer, and while Plaintiff attended that school — for tenth grade —

1

their sexual relationship continued.  Id., ¶¶ 34–36.  Doe contends that both schools violated Title IX's prohibition on sex discrimination through their deliberate indifference to Meyer's abuse.  Id., ¶¶ 69–81 (citing 20 U.S.C. § 1681, *et seq.*).  He also alleges that the schools and May acted with gross negligence, id., ¶¶ 82–93, and negligently inflicted emotional distress upon him.  Id., ¶¶ 100–05.

Because this suit involves sensitive facts that, if revealed, would jeopardize his mental health, Doe filed a Motion to Proceed Under Pseudonym.  See ECF No. 2.  The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

**I.      Legal Standard**

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full

disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

At this early stage, Plaintiff has met his burden to show that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.

First, as the Complaint makes clear, Doe does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  "Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." Doe v. Cabrera, 307 F.R.D. 1, 5 (D.D.C. 2014).  Child sexual-abuse claims are a subset of such allegations.  See In re Sealed Case, 971 F.3d at 327 (categorizing "the identity of abused minors" as "sensitive or highly personal"); Doe v. Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *6 (D.D.C. Feb 12, 2021) (finding allegations of child sexual abuse and resulting psychological harm "undoubtedly of a sensitive and highly personal nature").

3

This suit therefore involves textbook "intimate or sensitive personal information" of the kind "traditionally recognized under this factor, such as 'sexual activities . . . [and] bodily autonomy.'" Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)).  Doe describes in some detail the trajectory of his relationship with Meyer from inappropriate conduct into sexual abuse.  See, e.g., Compl., ¶¶ 23–24 (Meyer started holding Doe's hand after he confessed to her that he had lost his virginity); id., ¶ 27 (beginning when he was fourteen, Plaintiff and Meyer started having sex multiple times per week in various locations).  He also details the emotional fallout from the abuse, including that he "abused alcohol and drugs" for a time and has struggled with "depression, insomnia, panic, emotional stress, and distress."  Id., ¶¶ 40, 66; see Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *6 (noting that plaintiff's PTSD, severe anxiety, and depression caused by sexual abuse was among sensitive information revealed by similar suit).  The first factor thus strongly suggests pseudonymity is appropriate in this case.

The second factor, which concerns in part the "risk of retaliatory physical or mental harm" to Plaintiff also counsels granting the Motion.  See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted).  Public disclosure, Doe asserts, is "is likely to cause [him] public humiliation, social isolation, and psychological damage," and subject him to "stigma."  Mot. at 2.  He submits that he cannot "seek recourse" under his own name "without compounding humiliation and trauma he has already suffered."  Id. at 5; see also Doe v. De Amigos, LLC, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("[P]ublicity could exacerbate the psychological harm that [plaintiff] has already experienced . . . ."); Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *7 (crediting claim in similar case that "the stress

4

associated with [proceeding publicly] would exacerbate the symptoms of [plaintiff's] mental illness").

To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render his concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023).  At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Doe's name publicly in connection with this litigation poses a risk of harm.  See Compl., ¶¶ 66–67; Mot. at 5.  This factor therefore supports letting Plaintiff proceed under a pseudonym.

The third factor and fourth factors cut the other way, but the fifth turns the tide back in Doe's favor.  To start, Plaintiff does not argue that the third factor supports his motion, and for good reason.  Although he was a minor at the time of the abuse, because he is now an adult, "the concern that courts display for children of a tender age and their vulnerable status does not currently apply." Roman Catholic Diocese of Greensburg, 2021 WL 12137383, at *8 (citation omitted).  With respect to the fourth, even assuming the two charter school Defendants are governmental actors who "do not share the concerns about reputation that private individuals have when they are publicly charged with wrongdoing," Cabrera, 307 F.R.D. at 8 (cleaned up), two of the Defendants are private individuals "who presumably have concerns about their respective reputations." Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019).  The fourth factor, accordingly, disfavors Doe's Motion.

As for the fifth, Defendants would suffer no unfairness if the Motion were granted because the Plaintiff seeking pseudonymity has already disclosed his identity under seal.  See

ECF No. 2-1 (Notice of Name and Address) at 1; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity). Defendants, of course, remain free to request any further information they deem necessary to the full and fair defense of the case, and Doe remains free to object.

On balance, although the third and fourth factors disfavor Plaintiff, the others tip the scale toward permitting him to proceed under a pseudonym for now.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within seven days of this Order, Plaintiff shall file this [2] Motion on the public docket without the [2-1] Notice of Name and Address.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  December 7, 2023